IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**VYESTER LAMAR,**

        **Plaintiff,**

  v.                                  **Civil Action 2:20-cv-6457**
                                         **Judge Edmund A. Sargus**
                                         **Magistrate Judge Kimberly A. Jolson**

**OHIO DEPARTMENT OF
REHABILITATION AND
CORRECTIONS, et al.,**

        **Defendants.**

### REPORT AND RECOMMENDATION

This matter is before the Court on the February 1, 2021, Show Cause Order. (Doc. 2). In accordance with the following discussion, the Undersigned **RECOMMENDS** this case be **DISMISSED** for want of prosecution.

**I.    BACKGROUND**

On December 16, 2020, Plaintiff Vyester Lamar, along with two additional *pro se* Plaintiffs, improperly filed a class action suit in this Court. *See Williams et al v. Ohio Dep't of Rehab. & Corr. et al.*, No. 2:20-cv-6424 (S.D. Ohio Dec. 16, 2020). Accordingly, the Undersigned issued an Order severing the Plaintiffs and filings into separate cases. (*Id.* at Doc. 8). Given this posture, the Court ordered Plaintiff Lamar to either pay the full filing fee or submit an application to proceed *in forma pauperis* within thirty days. (*Id.*). After 46 days Plaintiff had still not paid the filing fee or submitted an application to proceed *in forma pauperis*, so the Court ordered her to show cause as to why her case should not be dismissed for want of prosecution. (*See* Doc. 2). As of the date of this Report and Recommendation, Plaintiff has still not responded to the Court's orders.

**II.     DISCUSSION**

Given Plaintiff's repeated failures to comply with this Court's orders, as detailed above, dismissal of this matter for failure to prosecute is appropriate.  The Court may dismiss an action for failure to prosecute under its inherent power to control its docket, *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962), or under Rule 41(b) of the Federal Rules of Civil Procedure.  Rule 41(b) provides, in pertinent part that "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits."  The measure is available to the Court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties."  *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999).

The Sixth Circuit directs the district court to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363).  "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Since filing this action in December 2020, Plaintiff has repeatedly failed to comply with this Court's orders, despite the Undersigned's repeated instruction.  (*See* Doc. 2; *see also related case* 2:20-cv-6424 at Doc. 8).  First, Plaintiff failed to pay the full filing fee or submit an

application to proceed *in forma pauperis*. (*Id*.). Thereafter, she failed to show cause as to why this case should not be dismissed for want of prosecution. Importantly, Plaintiff has been afforded over two months to comply with these orders, or to show cause otherwise.

In view of the foregoing, the Undersigned concludes that Plaintiff has abandoned this action. Although this Court has a "favored practice of reaching a disposition on the merits," the Court's "need to manage its docket, the interest in expeditious resolution of litigation, and the risk of prejudice to the defendant" outweigh allowing this case to linger. *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993). Finally, the Undersigned has considered less drastic sanctions than dismissal but concludes that any such effort would be futile given Plaintiff's failure to participate in these proceedings.

The Undersigned, therefore, **RECOMMENDS** this case be **DISMISSED** for want of prosecution.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report

and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    IT IS SO ORDERED.


Date: March 16, 2021                                /s/ Kimberly A. Jolson
                                                           KIMBERLY A. JOLSON
                                                           UNITED STATES MAGISTRATE JUDGE